UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN WALKER,

Plaintiff,

Case No. 2:06-cv-191

v.

Honorable Gordon J. Quist

UNKNOWN STASEWICH,

Defendant.

____________________________________/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In addition, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). I recommend that Plaintiff's Eighth Amendment claims be dismissed with prejudice as barred by claim preclusion, and because Plaintiff has failed to demonstrate exhaustion of available administrative remedies with respect to his claim of retaliation, I recommend that the retaliation claim be dismissed without prejudice.

## Discussion

I. Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues LMF Corrections Officer Unknown Stasewich. Plaintiff alleges that on July 29, 2004, Defendant Stasewich was removing Plaintiff from his cell to take him to health care. Defendant Stasewich slammed the steel handcuffs down on Plaintiff's wrists with such force that pain shot up both of Plaintiff's arms. When Plaintiff protested, Defendant Stasewich called him a "nigger," and told Plaintiff "he had it coming." On September 14, 2004, while Defendant Stasewich was escorting prisoners to the segregation yard, he again called Plaintiff a "nigger," and physically assaulted him by grabbing his shoulders with "undue roughness."

Plaintiff filed grievances regarding both incidents. He named Defendant Stasewich at Step I of both grievances, and appealed the responses through Step III.[1] Plaintiff also filed a complaint with the Michigan State Police. Following normal procedure, the Michigan State Police referred the matter to the Internal Affairs Section of the Michigan Department of Corrections. Plaintiff alleges that in retaliation for his grievances and complaint, Defendant Stasewich has demonstrated "an intimidating, blatant, and hostile invidious discrimination" towards Plaintiff; calls Plaintiff "racially derogatory and inflammatory names; and threatened to have other officers issue major misconduct tickets to Plaintiff in order to restrict him to punitive segregation and make his life a "living hell" if he wrote anything with Defendant's name on it.

For relief, Plaintiff seeks compensatory and punitive damages, and an injunction

[1]Plaintiff grieved the July 29, 2004 incident in Grievance No. LMF-04-08-2182-17i, and the September 14, 2004 incident in Grievance No. LMF-04-09-2646-17i. Plaintiff has attached to his complaint copies of Step I through Step III of both grievances.

prohibiting further discrimination, degradation, harassment, retaliation, and "all similarly related cruelties."

II. Procedural history

On February 2, 2005, Plaintiff filed a complaint against three defendants, including Defendant Stasewich, based upon the same facts alleged in this case, and asserting Eighth Amendment, equal protection and retaliation claims. *See Walker v. Unknown Stasewich et al.*, No. 2:05-cv-25 (W.D. Mich.). The Court dismissed Plaintiff's Eighth Amendment claim against Defendant Stasewich for failure to state a claim upon which relief may be granted. In addition, the Court dismissed Plaintiff's equal protection and retaliation claims against Defendant Stasewich without prejudice for failure to demonstrate exhaustion of available administrative remedies.

Plaintiff filed a second complaint against Defendant Stasewich on June 13, 2005, alleging the same facts as alleged in his first complaint and in the instant complaint. *See Walker v. Unknown Stasewich*, No. 2:05-cv-142 (W.D. Mich.). Defendant Stasewich filed a motion to dismiss without prejudice. The Court found that Plaintiff had failed to exhaust his retaliation claim. Applying the "total exhaustion rule" announced in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), the Court granted the motion to dismiss without prejudice.

Plaintiff filed the instant action on July 14, 2006. Considering Plaintiff's allegations and requested relief, he is clearly asserting a retaliation claim against Defendant Stasewich. However, because I am not able to determine with certainty if Plaintiff is attempting to also assert Eighth Amendment claims based upon alleged excessive force and verbal abuse, I will assume that he is bringing such claims.

III. Claim preclusion

To the extent Plaintiff may be asserting Eighth Amendment claims based upon alleged excessive force and verbal abuse, the claims are barred by the doctrine of claim preclusion. The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits ; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

The Court in *Walker v. Unknown Stasewich et al.*, No. 2:05-cv-25, addressed the merits of Plaintiff's Eighth Amendment excessive force and verbal abuse claims, and dismissed them under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief could be granted. A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits. *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (citing *Federated Dep't Stores* , 452 U.S. at 399 n.3). Plaintiff's previous suit named Unknown Stasewich as a defendant. With the exception of some minor and insignificant variations, Plaintiff's allegations in the present case are identical to his allegations in the previous case. Thus, all three of the

requirements for applying claim preclusion to Plaintiff's Eighth Amendment excessive force and verbal abuse claims have been met. Accordingly, these claims are absolutely barred.

Claim preclusion, however, is not applicable to Plaintiff's retaliation claim. In both *Walker v. Unknown Stasewich et al.*, No. 2:05-cv-25 and *Walker v. Unknown Stasewich*, No. 2:05-cv-142, the Court dismissed the retaliation claim without prejudice for failure to exhaust available administrative remedies. A dismissal without prejudice is not an adjudication on the merits and does not have claim preclusion effect. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

IV. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies with regard to his retaliation claim. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner has the burden of demonstrating that he has exhausted available administrative remedies. *Brown*, 139 F.3d at 1104. To satisfy this requirement, a prisoner should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity

the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues the plaintiff may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff attached a letter to his complaint stating that he is indigent and the prison librarian refused to make copies of his documents showing exhaustion. Pl.'s Comp., Att. #1. However, where the documents are not available for some reason, "the prisoner must describe with specificity the administrative proceeding and its outcome."[2] *Knuckles El*, 215 F.3d at 642. Plaintiff has not alleged in his complaint what, if any, steps he took to exhaust his retaliation claim, nor has he describe in any manner the administrative proceeding related to his retaliation claim. Plaintiff, therefore, has failed to demonstrate exhaustion of his available administrative remedies.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). Rather, dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v.*

---

[2]Plaintiff was apprised of this alternative method of demonstrating exhaustion of available administrative remedies in the Court's opinion in *Walker v. Unknown Stasewich*, 2:05-cv-25, entered March 21, 2005 (docket #4).

*McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, I conclude that Plaintiff's retaliation claim should be dismissed without prejudice.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's Eighth Amendment claims be dismissed with prejudice because they are barred by the doctrine of claim preclusion. I further recommend that Plaintiff's retaliation claim be dismissed without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

I also recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 16, 2006

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); see *Thomas v. Arn*, 474 U.S. 140 (1985).